J-S43010-24

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT O.P. 65.37**

| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| | : | |
| JENNIFER LYNN GLACKIN | : | |
| | : | |
| Appellant | : | No. 1527 EDA 2024 |

Appeal from the Judgment of Sentence Entered May 15, 2024
In the Court of Common Pleas of Montgomery County Criminal Division
at No(s): CP-46-MD-0003168-2023

| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| | : | |
| JENNIFER LYNN GLACKIN | : | |
| | : | |
| Appellant | : | No. 1647 EDA 2024 |

Appeal from the Judgment of Sentence Entered May 15, 2024
In the Court of Common Pleas of Montgomery County Criminal Division
at No(s): CP-46-MD-0002684-2023

BEFORE:  BOWES, J., STABILE, J., and KUNSELMAN, J.

MEMORANDUM BY BOWES, J.:                **FILED DECEMBER 10, 2024**

Jennifer Lynn Glackin appeals from the aggregate judgment of sentence of eighteen months of probation, entered in the above-captioned matters for indirect criminal contempt ("ICC"), for multiple violations of a final Protection from Abuse ("PFA") order.  We affirm.

We glean the following facts from the trial court. Appellant shares a child with her former paramour, Moyo Willis. Mr. Willis obtained a PFA order against Appellant, which prohibited her from contacting him except for communication regarding their child. It also prohibited her from stalking or harassing Allyson Willis, Mr. Willis's mother. Appellant was served with and made aware of the PFA order on January 19, 2023.

On August 17, 2023, Appellant called Ms. Willis's house and Moyo Willis answered the telephone. He was able to identify Appellant by the sound of her voice. She threatened to kill his new paramour and Ms. Willis. After Mr. Willis reported this incident to the police, Appellant was charged with ICC.

On November 2, 2023, Appellant again called Ms. Willis's home. This time, Ms. Willis answered the call and Appellant stated to her that "you guys put me through a lot[,] and I should just come over there." N.T. ICC Hearing, 5/15/24, at 11. Appellant also stated that Ms. Willis should "tell [the] truth" or Appellant would "follow through" and would "make sure that things will be uncomfortable." *Id*. at 10. Appellant knew her address, and Ms. Willis had been notified by a third party that Appellant recently moved close to her home. Appellant's statement caused Ms. Willis to feel unsafe based on Appellant's past actions. *Id*. at 12. As a result, Appellant was charged with a second count of ICC.

Following an evidentiary hearing concerning the August telephone call and another incident not relevant to this appeal, the trial court convicted

Appellant of two counts of ICC and deferred sentencing pending a pre-sentence investigation. At a subsequent hearing for the second telephone call, the court convicted Appellant of ICC and proceeded to sentence her to six months of probation for each of the three ICC convictions for a total eighteen months of probation.

Appellant filed timely notices of appeal from the court's judgment of sentence related to the August and November violations. The trial court directed her to file Pa.R.A.P. 1925(b) statements. Therein, Appellant raised identical issues concerning the sufficiency of the evidence regarding the November incident against Ms. Willis. *See* Rule 1925(b) Statement, 6/17/24 at ¶¶ 1-2; Rule 1925(b) Statement, 6/30/24, at ¶¶ 1-2 (characterizing the facts underlying the appeal as Appellant "contacting All[y]son Willis and indicating that she would go to Ms. Willis'[s] house"). The court issued responsive Rule 1925(a) opinions. In its opinion regarding the August incident, it determined that Appellant waived any issues as to that matter because the victim was Moyo Willis and not his mother. Notwithstanding that determination, the court found sufficient evidence to support the judgment of sentence. Based on a request from Appellant, this Court consolidated the appeals.

In her brief, Appellant raises the following issue for our consideration: "Whether the evidence was sufficient at Appellant's [ICC hearing] to prove beyond a reasonable doubt that Appellant was guilty of harassment and

contempt for violation of order or agreement." Appellant's brief at 4 (some articles omitted).

We must first address whether Appellant has preserved any issue relating to the judgment of sentence for the August phone call to Mr. Willis. While her above-quoted statement of the issue on appeal is phrased broadly, both of her concise statements and the argument portion of her brief only challenge the quantum of evidence presented to sustain the ICC conviction relating to the November incident against Ms. Willis. **See** Rule 1925(b) Statement, 6/17/24 at ¶¶ 1-2; Rule 1925(b) Statement, 6/30/24, at ¶¶ 1-2; Appellant's brief at 10-13. Accordingly, as Appellant has not set forth any challenge to the judgment of sentence for the August incident here or below, we conclude that she has waived any argument regarding that matter. **See** Pa.R.A.P. 1925(b)(4)(vii) (stating that "[i]ssues not included in the [Rule 1925 s]tatement and/or not raised in accordance with the provisions of this paragraph (b)(4) are waived"); **Commonwealth v. Taylor**, 277 A.3d 577, 590 (Pa.Super. 2022) ("It is well-settled that the failure to develop an adequate argument in an appellate brief may result in waiver of the claim under Pa.R.A.P. 2119."). Our analysis will thus focus solely on the November incident with Ms. Willis.

We begin with the well-settled principles that guide our review in a sufficiency challenge. For this question of law, "our standard of review is *de novo* and our scope of review is plenary." **Commonwealth v. Peters**, 320

A.3d 1231, 1236 (Pa.Super. 2024) (cleaned up). Further, "we review the evidence in the light most favorable to the verdict winner to determine whether there is sufficient evidence to allow the fact-finder to find every element of a crime beyond a reasonable doubt." *Commonwealth v. Taylor-Dixon*, 322 A.3d 966, 969 (Pa.Super. 2024) (cleaned up).

> In applying the above test, we may not weigh the evidence and substitute our judgment for that of the fact-finder. In addition, we note that the facts and circumstances established by the Commonwealth need not preclude every possibility of innocence. Any doubts regarding a defendant's guilt may be resolved by the fact-finder unless the evidence is so weak and inconclusive that as a matter of law no probability of fact may be drawn from the combined circumstances.

*Peters*, 320 A.3d at 1236 (cleaned up).

The PFA Act allows a court to punish and hold in contempt a defendant charged with ICC for violating the terms of a PFA. *See* 23 Pa.C.S. § 6114(a). To establish ICC, the Commonwealth must prove the following four elements: "1) the order was sufficiently definite, clear, and specific to the contemnor as to leave no doubt of the conduct prohibited; 2) the contemnor had notice of the order; 3) the act constituting the violation must have been volitional; and 4) the contemnor must have acted with wrongful intent." *Commonwealth v. Boyer*, 282 A.3d 1161, 1167 (Pa.Super. 2022) (cleaned up).

The underlying PFA prohibited Appellant from harassing Ms. Willis as defined under 18 Pa.C.S. § 2709, which states in pertinent part: "A person commits the crime of harassment when, with intent to harass, annoy or alarm another, the person: (1) strikes, shoves, kicks or otherwise subjects the other

person to physical contact, or attempts or threatens to do the same[.]" 18 Pa.C.S. § 2709. Intent "may be inferred from the totality of the circumstances." *Commonwealth v. Coniker*, 290 A.3d 725, 734 (Pa.Super. 2023).

Appellant challenges only the final element of ICC and argues that the trial court did not have sufficient evidence to find that she acted with wrongful intent when she called Ms. Willis. She claims that she only wished to discuss the child and did not threaten the mother. *See* Appellant's brief at 12. Appellant proffers that the PFA did not prohibit her from contacting Ms. Willis, and that one phone call does not amount to harassment. *Id*. She also points out that she did not actually go to Ms. Willis's residence or have physical contact with her. *Id*. at 12-13.

The trial court summarized its analysis of this issue thusly:

> The threatening nature of the phone call received by Ms. Willis, at which time [Appellant] indicated that she was going to come to Ms. Willis'[s] house, combined with [Appellant's] past behavior, placed Ms. Willis in fear of physical harm. Ms. Willis believed that [Appellant's] phone call was intended as a threat that [Appellant] would go to Ms. Willis'[s] home and cause physical harm, as required by 18 Pa.C.S. § 2709(a)(1). The court found the testimony of Ms. Willis to be credible.
>
> . . . [A]t the time of the violation by [Appellant], the final PFA on behalf of Moyo Willis was the order in effect to protect Ms. Willis from harassment by [Appellant]. The clear language of the final PFA order states in paragraph [eight] that [Appellant] is prohibited from harassing, as defined by the statute, Allyson Willis, the mother of Moyo Willis.
>
> . . .

- 6 -

. . . [T]he [c]ourt found Ms. Willis'[s] testimony to be credible that it was her belief that [Appellant's] intent in contacting her was to threaten physical harm, thereby fulfilling the final element necessary for there to be an ICC violation.

Trial Court Opinion, 7/18/24, at 5-6 (citation and capitalization altered).

The record supports the court's finding that Appellant called Ms. Willis and intended to "harass, annoy or alarm" her by threatening to come to her house to subject her to physical harm. 18 Pa.C.S. § 2709. Specifically, Ms. Willis testified that Appellant stated, "you guys put me through a lot[,] and I should just come over there." N.T. ICC Hearing, 5/15/24, at 11. Additionally, she attested that Appellant said that she should "tell [the] truth" or Appellant would "follow through" and "make sure that things will be uncomfortable." **Id**. at 10. Appellant not only knew where Ms. Willis lived but had recently moved closer to her home. Although Appellant claims she did not threaten Ms. Willis and only called to discuss the child, the court was free to discredit that testimony, and it in fact found her incredible. Considering the totality of the circumstances, viewed in the light most favorable to the Commonwealth, this Court concludes that Ms. Willis adduced sufficient evidence to prove beyond a reasonable doubt that Appellant harassed her, and thus violated the PFA.

Judgment of sentence affirmed.

Judgment Entered.

Benjamin D. Kohler

Benjamin D. Kohler, Esq.
Prothonotary


Date: 12/10/2024